UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MUOI BA VAN DUONG, Petitioner, v. KRISTI NOEM, Secretary of the Department of Homeland Security, et al., Respondents. | Case No.: 26cv0941-LL-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |
|---|---|

Before the Court are Petitioner Muoi Ba Van Duong's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")] and Motion for Temporary Restraining Order [ECF No. 2]. Respondents filed a Return [ECF No. 5], and Petitioner filed a Traverse [ECF No. 6]. For the reasons set forth below, the Court **GRANTS** the Petition and **DENIES AS MOOT** the Motion for Temporary Restraining Order.

I.   **BACKGROUND**

Petitioner, a national of Vietnam, came to the United States as a refugee in August 1979 and received a green card. Pet. at 2. He was ordered removed in June or July 1997 after sustaining a conviction, and both Petitioner and DHS waived appeal. ECF No. 1-2,

First Declaration of Muoi Ba Van Duong ("Van Duong Decl."), ¶ 2; ECF No. 5-1, Declaration of Jason N. Cole ("Cole Decl."), ¶ 10. Petitioner was detained for over two years, then released on supervision in May 1999—and then re-detained on June 1, 1999 and released on supervision the same day—for over twenty years. Van Duong Decl. ¶ 2; Cole Decl. ¶¶ 11–12.

On February 9, 2026, Petitioner was re-detained at a check-in appointment. Van Duong Decl. ¶ 4. He was given a Notice of Revocation of Release. *Id.*; ECF No. 5-2 at 2–4. Petitioner was also given an initial informal interview the same day to respond to his revocation and re-detention, in which he stated that he has three U.S. citizen children to take care of and provide for financially, and that he hadn't committed any crimes in the past thirty years. Van Duong Decl. ¶ 5; ECF No. 5-2 at 5.

On February 13, 2026, Petitioner filed the instant Petition and Motion for Temporary Restraining Order, alleging that (1) his re-detention violated 8 C.F.R. § 241.13, and (2) that there is "no significant likelihood of removal in the reasonably foreseeable future," which necessitates his immediate release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231(a)(6). Pet. at 6–13.

## II.    LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

/ / /

/ / /

/ / /

## III.   DISCUSSION

Petitioner contends that there is "no significant likelihood of removal in the reasonably foreseeable future" and he is therefore entitled to immediate release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. at 2, 9–13. Respondents disagree. ECF No. 5 at 4–7.

When a noncitizen has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for up to ninety days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1)–(2). This ninety-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). After the removal period, this statute "limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner satisfies their initial burden, then the burden shifts to the government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the noncitizen's release may be "conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700; *see* 8 U.S.C. § 1231(a)(3).

In Petitioner's case, the six-month period passed years ago. His removal order became administratively final in June or July 1997, so the six-month period ended in early 1998 at the latest. Petitioner was detained during that time and until he was released on supervision in 1999. Respondents do not dispute that the six-month period has passed. Thus, the Court finds Petitioner's current detention is no longer "presumptively

reasonable." *See Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) ("[I]n *Zadvydas,* 121 S.Ct. at 2505, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal—that is, *three months* after the statutory removal period has ended.").

Petitioner now has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up) (citations omitted). However, Petitioner must offer more than "conclusory statements suggesting that he will not" be removed. *Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006); *Quassani v. Killian*, Case No. 2:17-cv-01678-APG-PAL, 2017 WL 3396506, at *2 (D. Nev. Aug. 4, 2017) (questioning "whether petitioner can meet his initial burden" given that he "has offered nothing more than conclusory statements with respect to the likelihood of his removal in the foreseeable future").

The Court finds Petitioner has met his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Vietnam historically did not accept pre-1995 Vietnamese immigrants for deportation. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1083 (C.D. Cal. 2020) (discussing the history of U.S.-Vietnam repatriation relations). In 2020, the United States and Vietnam entered into a Memorandum of Understanding (MOU) intended to help facilitate the acceptance of pre-1995 Vietnamese immigrants ordered removed from the United States. Pet. at 4 & n.2; *Nguyen v. Scott*, 796 F. Supp. 3d 703, 714–15 (W.D. Wash. 2025) (discussing the 2020 MOU between the United States and Vietnam). However, even with the MOU, courts have found that "the process for procuring travel documents from Vietnam for pre-1995 immigrants continues to be uncertain and protracted," in large part because Vietnam has discretion to consider repatriation requests on a case-by-case basis. *Nguyen*,

796 F. Supp. 3d at 723; s*ee Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4–5 (E.D. Cal. July 16, 2025). Petitioner points to reports from ICE that show that between September 2021 and September 2023, only four Vietnamese immigrants who came to the United States before 1995 were given travel documents and deported. Pet. at 5; *Resources on Deportation of Vietnamese Immigrants Who Entered the U.S. Before 1995*, Asian Law Caucus (July 15, 2025), https://www.asianlawcaucus.org/news-resources/guides-reports/trinh-reports. In this case, ICE has been unable to remove Petitioner to Vietnam for over twenty-eight years, including five years under the MOU. The Court finds this is sufficient to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

The burden thus shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents contend that ICE has diligently sought to obtain Petitioner's travel document and demonstrated its ability to execute removal orders to Vietnam. ECF No. 5 at 6. The day after Petitioner's re-detention, ICE contacted the Consulate General of Vietnam on February 10, 2026 for assistance regarding a travel document for Petitioner and is waiting for a response. Cole Decl. ¶ 16. In fiscal year 2025, ICE removed at least 324 Vietnamese citizens who immigrated to the United States before July 1995. *Id.* ¶ 18. Respondents further attest that "[s]ince February 2025, Vietnam has issued a travel document in response to every travel document request furnished by ICE," and that once ICE receives a travel document for Petitioner, he can be promptly removed. *Id.* ¶¶ 19, 21.

The Court finds Respondents have not sufficiently rebutted the showing. ICE contacted the Consulate General "for assistance regarding a travel document," but this does not indicate to the Court whether ICE is requesting the travel document needed for Petitioner's removal or merely requesting preliminary information or documents to do so. *See Nguyen*, 796 F. Supp. 3d at 714 (describing contents of the documentation package used in requesting a travel document from Vietnam). Although ICE has successfully

obtained travel documents in the past year, in Petitioner's case, there is no indication whether the process will take days or months. As such, ICE's recent efforts regarding Petitioner's travel document do not demonstrate that they are likely to succeed in the reasonably foreseeable future. *See Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019), *abrogated on other grounds by Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579 (W.D.N.Y. 2025) ("[I]f DHS has no idea of when it might reasonably expect [the petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur—or even that it *might* occur—in the reasonably foreseeable future," and "[s]o this Court is left to guess whether his deportation might occur in ten days, ten months, or ten years."); *Rual v. Barr*, No. 6:20-CV-06215 EAW, 2020 WL 3972319, at *4 (W.D.N.Y. July 14, 2020) ("The government's active efforts to obtain travel documents from the Embassy are not enough to demonstrate a likelihood of removal in the reasonably foreseeable future where the record before the Court contains no information to suggest a timeline on which such documents will actually be issued."). Therefore, the Court finds that under *Zadvydas*, because Petitioner met his burden to show removal is not reasonably foreseeable and Respondents failed to rebut this showing, his continued detention is "unreasonable and no longer authorized by statute."[1] *Zadvydas*, 533 U.S. at 699–700.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.

2. Petitioner's Motion for Temporary Restraining Order [ECF No. 2] is **DENIED AS MOOT**.

///

---

[1] Because the Petition is resolved on this ground, the Court declines to reach Petitioner's other grounds for relief. In regard to third-country removal, Respondents attest that ICE is not seeking to remove Petitioner to a third country. Cole Decl. ¶ 14.

3. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3).

4. Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal and follow all applicable statutory and regulatory procedures.

5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: March 12, 2026

_____
Honorable Linda Lopez
United States District Judge